UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE PEREZ MERIQUE,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-1937-T-23JSS

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

        The vehicle of Progressive insured Eduardo Gonzalez allegedly struck a vehicle occupied by Jose Merique, who submitted a claim to Progressive. Citing Gonzalez's purported failure to cooperate with a fraud investigation, Progressive denied the claim. After the denial, Merique sued Gonzalez in state court. Progressive allegedly refused to defend Gonzalez, who entered into a *Coblentz* agreement with Merique for $170,000.

        Merique sued Progressive in state court for "failure to provide coverage and defense," and Progressive removed (Doc. 1) the action. Although omitting the phrase "bad faith," the complaint (Doc. 2) appears to allege $170,000 in damages from Progressive's bad-faith failure to defend Gonzalez in the first action. The confusion about the objective of this action results remarkably in each party's arguing — albeit for different reasons — against the adjudication of this action in

federal court. While Progressive argues (Doc. 5 at 8–9) that the action is not ripe, Merique argues (Doc.7) for remand because Progressive fails to establish an amount in controversy likely greater than $75,000. Also, Progressive moves (Doc. 5 at 1–7) to dismiss for failure to state a claim.

## DISCUSSION

First, Progressive argues (Doc. 5 at 8-9) that the absence of a ripe bad-faith claim prohibits adjudicating this action.[1] A bad-faith claim requires a determination of both the insurer's liability and the insured's damages. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991)). The state and federal courts in Florida routinely hold that the absence of a determination of the insurer's liability and the insured's damages renders a bad-faith claim "premature" and consequently requires dismissal. *Vest*, 753 So. 2d at 1276; *Bele v. 21st Century Centennial Ins. Co.*, 126 F.Supp.3d 1293, 1297 (M.D. Fla. 2015) (Byron, J.) (collecting decisions). The complaint fails to allege a determination of Progressive's liability, and the mention of the *Coblentz* agreement fails to satisfy the requirement of *Vest* and *Blanchard*. Rather than determine the insurer's liability to the insured, a *Coblentz* agreement establishes the insured's liability to the injured third party. *Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1148–49 (11th Cir. 1994) (applying Florida law).

---

[1] Merique fails to respond to Progressive's motion and declines to rebut Progressive's characterization of the claim, which appears to allege bad faith. Also, more than a month after the motion to dismiss, Merique submits no request for leave to amend the complaint to allege a determination of Progressive's liability.

"A claim is not ripe . . . if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1994). Under a *Coblentz* agreement, the assignee of an insured's bad-faith claim typically sues and requests a declaratory judgment that the insurance policy covers the underlying claim, but the declaratory-judgment suit might not succeed.[2] For example, the insurer might argue successfully that the insurance policy excludes coverage. *See, e.g.*, *Spencer*, 39 F.3d at 1150 (affirming the district court's refusal to enter judgment on a *Coblentz* agreement because the insurance policy excluded coverage). Because the bad-faith allegation ripens into a justiciable claim only after the establishment of Progressive's liability — an event that might not occur — Article III prohibits adjudicating the action at this time. *Ralston v. LM Gen. Ins. Co.*, 2016 WL 6623728 at *2-*3 (M.D. Fla. Nov. 9, 2016) (Dalton, J.); *Novak v. Safeco Ins. Co. of Ill.*, 94 F.Supp.3d 1267, 1269 (M.D. Fla. 2015) (Mendoza, J.).[3]

---

[2] Stated more completely, a *Coblentz* agreement generates three actions. First, the injured third party sues the insured. After the insurer refuses to defend the insured, the insured settles with the third party. This settlement, which often results in a consent judgment, establishes the insured's damages. In consideration for the third party's agreeing not to attempt execution on the judgment, the insured assigns to the third party the insured's breach-of-insurance-policy claim, the insured's bad-faith claim, or both. Second, the third party sues the insurer and requests a declaratory judgment that the insurance policy covers the claim in the first action. Of course, the insurer is indispensable to, and necessarily knows about, this action. If successful, the declaratory-judgment action establishes the insurer's liability. Third, the third party sues the insurer for bad faith and cites the *Coblentz* agreement and the action that establishes the insurer's liability. On this occasion, Progressive explains that Merique never sued for a declaratory judgment and never established Progressive's liability.

[3] Also, the failure to allege a determination of the insurer's liability subjects the bad-faith claim to attack under Rule 12(b)(6), Federal Rules of Civil Procedure. But this order need not decide the most precise, useful, or theoretically correct label for the dismissal. Whether for failure to state a claim under Rule 12(b)(6) or for lack of "ripeness" under Rule 12(b)(1) and the "case or controversy" clause of Article III, Merique's action warrants dismissal without prejudice.

Second, Merique moves (Doc. 7) to remand and argues that the complaint demonstrates an amount in controversy not more than $75,000. The prayer requests damages of $15,000 (Doc. 2 at ¶ 28), but the request for $15,000 deserves little or no weight for two reasons. *See Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[T]he district court is not bound by the plaintiff's representations regarding [the value of the plaintiff's] claim."). First, the prayer conflicts with other allegations in the complaint. The first paragraph states that "this is an action for damages which exceed fifteen[-]thousand dollars." (Doc. 2 at ¶ 1) And the complaint presumably mentions the $170,000 *Coblentz* agreement (Doc. 2 at ¶ 27, which observes that the $170,000 *Coblentz* agreement remains unsatisfied) because Merique aspires to collect $170,000 (or more) from Progressive. Second, Merique sued in the Circuit Court for Hillsborough County. Under Sections 26.012 and 34.01, Florida Statutes, a circuit court lacks jurisdiction over an action for $15,000 in damages; to invoke circuit-court jurisdiction, the plaintiff must allege (as Merique alleges in the first paragraph of the complaint) that damages exceed $15,000. Because the complaint on its face reveals an amount in controversy likely greater than $75,000 on the day of removal, the motion to remand warrants denial. *See Roe*, 613 F.3d at 1058 (affirming the denial of a motion to remand where "common sense dictate[d] that the value of [the plaintiff's] claim[] (as pled) more likely than not exceed[ed]" $75,000).

## CONCLUSION

The complaint alleges that Merique and a third party entered into a *Coblentz* agreement for $170,000, but the complaint fails to allege a determination of Progressive's liability. Because an allegation of bad-faith ripens into a justiciable action only after a determination of the insurer's liability, Progressive's unopposed motion (Doc. 5) to dismiss the action under Rules 12(b)(1) or (6), Federal Rules of Civil Procedure, is **GRANTED**. Merique's motion (Doc. 7) to remand the action is **DENIED**. Because Merique neither responds to the motion to dismiss nor requests leave to amend the complaint to allege a determination of Progressive's liability, the action is **DISMISSED WITHOUT PREJUDICE**, and the clerk is directed to close the case.

ORDERED in Tampa, Florida, on October 4, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE